# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MALINKA MOYE,

       Petitioner,

v.                                                                            No. 1:26-mc-00020-SMD

FNU LNU,

       Repondent.

## ORDER TO SHOW CAUSE

Malinka Moye filed a letter asking the Court to register a judgment pursuant to 28 U.S.C. § 1963. *See* Motion at 1, Doc. 1, filed June 8, 2026. Moye attached a Register of Actions which appears to be the first page of a two-page docket for a case in the Superior Court of California, County of San Francisco. *See* Motion at 2. Moye also attached a letter, dated April 26, 2026, which is stamped "RECEIVED May 06, 2026, Finance Department, U.S. District Court, North District of CA." Motion at 3.

The Court cannot grant Moye's Motion to register the judgment pursuant to 28 U.S.C. § 1963 at this time. Section 1963 provides:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the Court that entered the judgment for good cause shown. . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner. . .

28 U.S.C. 1963. Section 1963 grants authority to a district court to register judgments of other federal courts and the Court of International Trade; it does not authorize registration of judgments from other courts. *See Fox Painting Co. v. N.L.R.B.*, 16 F.3d 115, 117 (6th Cir. 1994) ("Nothing

in the language of section 1963 grants authority to a district court to register judgments of any other courts than other district courts[, courts of appeal, bankruptcy courts] or the Court of International Trade"); *Marbury Law Group, PLLC v. Carl*, 729 F.Supp.2d 78, 83 (quoting cases: "nothing in the language of section 1963 grants authority to a district court to register judgments of any [other] courts . . the only judgments that can be registered under [28 U.S.C. § 1963] are judgments from other courts of the United States . . . § 1963 does not provide for the registration of a state court judgment for execution in a federal district court").  Moye has not provided a judgment of a United States Court for registration pursuant to 28 U.S.C. § 1963.

**IT IS ORDERED** that Malinka Moye shall, within 21 days of entry of this Order: (i) show cause why the Court should not deny the Motion to register a judgment pursuant to 28 U.S.C. § 1963; and (ii) file a copy of the judgment Moye seeks to register.  Failure to timely show cause and provide a copy of the judgment may result in denial of Moye's Motion.

_____
**UNITED STATES DISTRICT JUDGE**

2