**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MALINKA MOYE,

      Petitioner,

v.                                                  No. 1:26-mc-00020-SMD

FNU LNU,

      Repondent.

**ORDER REGARDING COMMUNICATION WITH THE COURT,
ORDER DENYING MOTION TO REGISTER JUDGMENT AND
ORDER DENYING MOTION TO CHANGE VENUE**

Malinka Moye filed a letter asking the Court to register a judgment pursuant to 28 U.S.C. § 1963. *See* Motion at 1, Doc. 1, filed June 8, 2026. Moye attached a Register of Actions which appears to be the first page of a two-page docket for a case in the Superior Court of California, County of San Francisco. *See* Motion at 2. Moye also attached a letter, dated April 26, 2026, which is stamped "RECEIVED May 06, 2026, Finance Department, U.S. District Court, North District of CA." Motion at 3.

The Court notified Moye it could not grant Moye's Motion to register the judgment pursuant to 28 U.S.C. § 1963. *See* Order to Show Cause, Doc. 2, filed Jue 12, 2026. Section 1963 provides:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the Court that entered the judgment for good cause shown. . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner. . .

28 U.S.C. 1963.  Section 1963 grants authority to a district court to register judgments of other federal courts and the Court of International Trade; it does not authorize registration of judgments from other courts.  *See Fox Painting Co. v. N.L.R.B.*, 16 F.3d 115, 117 (6th Cir. 1994) ("Nothing in the language of section 1963 grants authority to a district court to register judgments of any other courts than other district courts[, courts of appeal, bankruptcy courts] or the Court of International Trade"); *Marbury Law Group, PLLC v. Carl*, 729 F.Supp.2d 78, 83 (quoting cases: "nothing in the language of section 1963 grants authority to a district court to register judgments of any [other] courts . .  the only judgments that can be registered under [28 U.S.C. § 1963] are judgments from other courts of the United States . . . § 1963 does not provide for the registration of a state court judgment for execution in a federal district court").  Moye did not provide a judgment of a United States Court for registration pursuant to 28 U.S.C. § 1963.

**Order Regarding Communication with the Court**

On June 26, 2026, Plaintiff left a voice message stating that he was responding to the Order to Show Cause with some of the message being difficult to understand.  On June 30, 2026, the undersigned's chambers received an email transmitting Moye's Response to the Order to Show Cause and Motion to Change Venue.  On July 6, 2026, the undersigned's chambers received an email transmitting a letter to "Courtroom Deputy" signed by Moye.

The Court notifies Moye that unless otherwise specifically directed:

Attorneys and *pro se* parties are prohibited from all *ex parte* communication with the judge or judge's staff.  *Ex parte* communication occurs when one of the parties to a lawsuit exchanges information with the assigned judge (1) without the opposing party being present, or (2) without the knowledge and consent of the opposing party.

Any communication between the assigned judge and a *pro se* litigant should be in writing, and a copy of the communication should be sent to the opposing party or, if represented, to that party's attorney.  The letter to the judge should indicate that

a copy has been sent to the opposing party.  Telephone or personal contact with the judge's staff should be limited to specific scheduling inquiries.

Guide for Pro Se Litigants at 11-12.  "[A] judge should not initiate, permit, or consider ex parte communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers. If a judge receives an unauthorized ex parte communication bearing on the substance of a matter, the judge should promptly notify the parties of the subject matter of the communication and allow the parties an opportunity to respond, if requested." Code of Conduct for United States Judges, Canon 3(A)(4).  The Court thus attaches to this Order Moye's Response and letter that he transmitted to the undersigned's chambers via email.

Additionally, parties may not file documents by sending them to the undersigned or her chambers; documents to be filed must be either mailed or delivered in person to the Clerk of Court.

Unless otherwise directed, all communication to the court should be addressed to the Clerk of Court, United States District Court, District of New Mexico, using the address for the division [Albuquerque, Las Cruces or Santa Fe] where the subject case has been assigned.

Guide for Pro Se Litigants at 5 (providing the Albuquerque, Las Cruces and Santa Fe addresses). The Guide for Pro Se Litigants is available on the Court's website: http://www.nmd.uscourts.gov. Any documents sent to the undersigned or her chambers for filing in this case will not be filed.

The Court notifies Moye that if he ignores Court Orders, improperly sends documents to the undersigned or her chambers, or improperly communicates with the Court *ex parte*, the Court may impose sanctions to deter such improper behavior.

**Order Denying Motion to Register Judgment**

The Court ordered Moye to show cause why the Court should not deny the Motion to register a judgment pursuant to 28 U.S.C. § 1963 and to file a copy of the judgment Moye seeks

to register.  *See* Order to Show Cause at 2 (notifying Moye that failure to provide a copy of the judgment he seeks to have registered may result in denial of his Motion).

Moye filed a Response to the Order to Show Cause.  *See* Declaration of Plaintiff's Response to Order to Show Cause, 28 USC 1963 Registration of Judgment for Enforcement in Other District & Motion to Change Venue under 1404(a) 1406(a), Doc. 5, filed July 6, 2026 ("Response").  Moye attached a copy of a Judgment entered in seven civil cases in the United States District Court for the Northern District of California on October 29, 2009, which states: "For the reasons stated in the accompanying order dismissing the above-captioned actions, Final Judgment is Hereby Entered in favor of defendants and against plaintiff [Moye]."  Response at 13. The copy of the judgment is not certified as required by Section 1963 which states a judgment "may be registered by filing a *certified* copy of the judgment."  28 U.S.C. § 1963 (emphasis added).  Moye included the form "Clerk's Certification of a Judgment to be Registered in Another District" but the form is not signed by the Clerk of Court for the Northern District of California. *See* Response at 14.

The Court denies Moye's Motion to register a judgment because Moye did not provide a certified copy of the judgment he seeks to have registered by the July 6, 2026, deadline.

**Order Denying Motion to Change Venue**

Moye moves to change venue pursuant to 28 U.S.C. §§ 1404(a) and 1406(a).  *See* Response at 1.  Section 1404(a) provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a).  Section 1406(a) provides:

4

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a).

The Court denies Moye's motion to transfer venue because this matter is not a civil action subject to change of venue. Moye has filed a motion to register a judgment, but has not filed a complaint. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court"); District Clerk's Manual § 4.03 ("Registration of Judgment from Another District" is an "administrative matter" that is "not properly considered [a] civil [] case").

**IT IS ORDERED** that:

(i)     Moye's Motion to Register Judgment, Doc. 1, filed June 8, 2026, is **DENIED.**

(ii)    Moye's Declaration of Plaintiff's Response to Order to Show Cause, 28 USC 1963 Registration of Judgment for Enforcement in Other District & Motion to Change Venue under 1404(a) 1406(a), Doc. 5, filed July 6, 2026, is **DENIED.**

**UNITED STATES DISTRICT JUDGE**