## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MALINKA MOYE,

       Petitioner,

v.                                              No. 1:26-mc-00020-SMD

FNU LNU,

       Repondent.

### <u>ORDER REGISTERING JUDGMENT,</u><br><u>ORDER REGARDING COMPLAINT</u><br><u>AND NOTICE REGARDING CASE MANAGEMENT</u>

Malinka Moye filed a letter asking the Court to register a judgment pursuant to 28 U.S.C. § 1963. *See* Motion at 1, Doc. 1, filed June 8, 2026.

The Court notified Moye it could not grant Moye's Motion to register the judgment pursuant to 28 U.S.C. § 1963 because Section 1963 grants authority to a district court to register judgments of other federal courts but does not authorize registration of judgments from other courts, and Moye did not provide a judgment of a United States Court for registration pursuant to 28 U.S.C. § 1963. *See* Order to Show Cause, Doc. 2, filed Jue 12, 2026. The Court ordered Moye to show cause why the Court should not deny the Motion to register a judgment pursuant to 28 U.S.C. § 1963 and to file a copy of the judgment Moye seeks to register. *See* Order to Show Cause at 2.

Moye filed a Response to the Order to Show Cause. *See* Declaration of Plaintiff's Response to Order to Show Cause, 28 USC 1963 Registration of Judgment for Enforcement in Other District & Motion to Change Venue under 1404(a) 1406(a), Doc. 5, filed July 6, 2026

("Response").  Moye attached a copy of a judgment entered in seven civil cases in the United States District Court for the Northern District of California on October 29, 2009.  *See* Response at 13.

The Court denied Moye's Motion to register the judgment because the copy of the judgment provided was not certified as required by Section 1963.  *See* Order Denying Motion to Register Judgment, Doc. 7, filed July 9, 2026.

Moye then filed his "Opposition" to the Court's Order denying his motion to register a judgment stating: "Certified judgment not sent due to lack of education and experience of layman." Opposition to Dismis[s]al & Submission of Certified Judgment of CV-09-03892, Doc. 10, filed July 27, 2026.  Moye attached a certified copy of an Order Dismissing Action and Requiring Prefiling Review, Doc. 30, filed December 21, 2009, in *Moye v. City and County of San Francisco*, No. 3:09-cv-03892-WHA (N.D. Cal.).  *See* Opposition at 11-15; *Judgment*, Black's Law Dictionary (a "judgment" is a "court or other tribunal's final determination of the rights and obligations of the parties in a case . . . [and] includes . . .any order from which an appeal lies").

The Court registers the Order Dismissing Action filed December 21, 2009, in the United States District Court for the Northern District of California.  It appears that the registration of the judgment is futile.  Registration is pursuant to 28 U.S.C. § 1963 which provides for the enforcement of the judgment in the District of New Mexico.  The registered judgment, however, dismissed Moye's complaint without leave to amend and ordered Moye "not to file further submission in *any* of the eight related actions before the [presiding United States District Judge] [Moye] must instead direct his attention to pursuing appeals in a proper and timely manner."  *See* Opposition at 14 (emphasis in original).  Consequently, it appears that there is nothing for Moye to enforce in the District of New Mexico.

**Order Regarding Complaint**

It appears Moye intends to commence a civil suit because Moye has filed a Complaint and a Civil Cover Sheet in this miscellaneous case. *See* Complaint for a Civil Case, Doc. 9, filed July 27, 2026; Civil Cover Sheet, Doc. 8, filed July 20, 2026; Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court"). This miscellaneous case for "Registration of Judgment from Another District" is an "administrative matter" that is "not properly considered [a] civil [] case." District Clerk's Manual § 4.03. The Court, therefore, orders the following.

The Clerk shall open a new civil case and file Moye's Complaint and Civil Cover Sheet in the new civil case. The Clerk shall then notify Moye of the case number for the new civil case. All documents Moye files in the prosecution of his Complaint must be filed in the new civil case, not in this miscellaneous case.

Federal law requires that the Clerk of Court "require the parties instituting any civil action, suit or proceeding in such court ... to pay a filing fee of $350 ... [and] such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. §§ 1914(a, b).[1] The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The Court, therefore, orders Moye to either pay the fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).

**Notice Regarding Case Management**

---

[1] The fee for instituting any civil action, suit or proceeding is comprised of a $350.00 filing fee, *see* 28 U.S.C. §1914, and a $55.00 administrative fee.

Because Moye is proceeding *pro se* and because the registered judgment describes Moye's filing history in the Northern District of California, declared Moye to be a vexatious litigant, and imposed filing restrictions on Moye, the Court notifies Moye of the following regarding case management:

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**Compliance with Rule 11**

The Court reminds Moye of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status

4

does not excuse the obligation of any litigant to comply with the fundamental requirements of the

Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Moye to

sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)     The Order Dismissing Action, Doc. 30, filed December 21, 2009, in *Moye v. City and County of San Francisco*, No. 3:09-cv-03892-WHA (N.D. Cal.), Opposition at 11-15, is **REGISTERED** pursuant to 28 U.S.C. § 1963.

(ii)    The Clerk shall open a new civil case and file in the new civil case: (a) the Complaint for a Civil Case, Doc. 9, filed July 27, 2026; and (b) the Civil Cover Sheet, Doc. 8, filed July 20, 2026. The Clerk shall notify Moye of the case number for the new civil case.

(iii)     Moye shall, within 21 days of the opening of the new civil case, either pay the $405.00 fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).  Failure to timely pay the $405.00 fee or file a Long Form Application, *and* follow all instructions in the Long Form Application, may result in dismissal of the new civil case.

(iv)     The Clerk shall send to Moye, with a copy of this Order, an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)."

**UNITED STATES DISTRICT JUDGE**

6